## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**ANTHONY JOSEPH PUNCH**                                    **CIVIL ACTION**

**VERSUS**                                                         **NO.  21-541**

**KILOLO KIJAKAZI, COMMISSIONER OF THE**               **SECTION: "G"(3)**
**SOCIAL SECURITY ADMINISTRATION**

### ORDER AND REASONS

Before the Court are Plaintiff Anthony Joseph Punch's ("Plaintiff") objections[1] to the

Report and Recommendation of the United States Magistrate Judge assigned to the case.[2]  Plaintiff

filed this action pursuant to 42 U.S.C. § 405(g) for review of a partially favorable decision of

Defendant, the Commissioner of the Social Security Administration (the "Commissioner"),

finding that Plaintiff became disabled on December 1, 2019.[3] The parties then filed cross-motions

for summary judgment.[4] The Magistrate Judge recommended that Plaintiff's motion for summary

judgment be denied, the Commissioner's motion for summary judgment be granted, the

Administrative Law Judge's ("ALJ") decision be affirmed, and the case be dismissed with

prejudice.[5] Plaintiff objects, arguing that the ALJ arbitrarily assigned an established onset date

("EOD") of December 1, 2019, without providing support for the onset date.[6] Having considered

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 18.

[3] Rec. Doc. 1.

[4] Rec. Docs. 14, 17.

[5] Rec. Doc. 18.

[6] Rec. Doc. 21.

1

Plaintiff's objections, the Magistrate Judge's Report and Recommendation, the record, and the applicable law, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report and Recommendation, denies Plaintiff's motion for summary judgment, grants the Commissioner's motion for summary judgment, and dismisses this action with prejudice.

## I. Background

### A.    Procedural History

On October 22, 2018, Plaintiff filed an application for a period of disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act").[7] Plaintiff also filed an application for supplemental security income ("SSI") under Title XVI of the Act.[8] In both applications, Plaintiff alleged disability beginning June 21, 2016.[9] Plaintiff alleged disability due to degenerative joint disease, degenerative disc disease, osteoarthritis, shoulder tendinitis, bipolar disorder, and depression.[10] After the claims were denied at the agency level,[11] Plaintiff requested a hearing before an ALJ.[12]

On July 15, 2020, Plaintiff, who was represented by an attorney, testified at a telephonic hearing before an ALJ.[13] A vocational expert also testified.[14] On August 7, 2020, the ALJ issued

---

[7] Adm. Rec. at 200–03.

[8] *Id.* at 204–10.

[9] *Id.* at 10.

[10] *Id.* at 13.

[11] *Id.* at 122–31, 136–45.

[12] *Id.* at 146–47.

[13] *Id.* at 31–48.

[14] *Id.*

a partially favorable decision.[15] The ALJ determined that Plaintiff became disabled on December

1, 2019.[16] The effect of this determination is that Plaintiff was ineligible to receive DIB under Title

II, as his date last insured for purposes of such a claim was September 30, 2017.[17] Plaintiff also

notes that despite the partially favorable decision, he is ineligible to receive SSI under Title XVI

due to his wife's income.[18]

The ALJ analyzed Plaintiff's claim pursuant to the five-step sequential evaluation

process.[19] At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful

---

[15] *Id.* at 6–22.

[16] *Id.* at 26.

[17] *Id.*; Rec. Doc. 14-3 at 2.

[18] Rec. Doc. 14-3 at 2.

[19] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education, and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id.* §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to a claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id.* § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969.

activity since September 30, 2017, the alleged onset date.[20] At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative joint disease, osteoarthritis, degenerative disc disease, shoulder tendinitis, bipolar disorder, and depression.[21] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under the regulations.[22]

At step four, the ALJ found that prior to December 1, 2019, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

1. Plaintiff could concentrate for two-hour periods before and after regular breaks and lunch;
2. He could occasionally interact with the general public;
3. He could lift fifteen pounds occasionally and ten pounds frequently;
4. He could walk and/or stand for two hours in an eight-hour workday for fifteen minutes at a time;
5. He could sit for six hours in an eight-hour workday for two hours at a time;
6. He could occasionally stoop and climb;
7. He could not crouch, kneel, or crawl;
8. He could push and pull less than fifteen pounds with the right lower extremity and the dominant right upper extremity;
9. He could not reach overhead with the dominant right upper extremity;
10. He could frequently grasp and handle with the dominant right upper extremity;
11. He could not work with heights, hazardous machinery, commercial driving, or ladders.[23]

The ALJ determined that, beginning on December 1, 2019, Plaintiff had the RFC to perform certain sedentary work with the limitations mentioned above plus the following additional limitations:

1. Plaintiff's right hand will be occasionally numb and he cannot feel texture; and

---

[20] Adm. Rec. at 13.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 15.

2.  He will be off task with extra breaks 15% of the day due to combination mental and physical impairments.[24]

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work since June 21, 2016.[25] At step five, the ALJ determined that prior to December 1, 2019, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including general office clerk positions.[26] However, the ALJ found that, beginning on December 1, 2019, no jobs existed in significant numbers in the national economy that Plaintiff could perform.[27] Accordingly, the ALJ concluded that Plaintiff was not disabled prior to December 1, 2019, but he became disabled on that date and continued to be disabled through the date of the decision.[28] The ALJ also stated that Plaintiff was not under a disability within the meaning of the Social Security Act at any time through September 30, 2017, the date last insured, for purposes of qualifying for DIB.[29]

Plaintiff requested review of the decision by the Appeals Council. The ALJ's decision became the final decision of the Commissioner for purposes of this Court's review after the Appeals Council denied review on January 12, 2021.[30] On March 16, 2021, Plaintiff filed a

---

[24] *Id*. at 18–19.

[25] *Id*. at 20.

[26] *Id*.

[27] *Id*. at 21.

[28] *Id*. at 22.

[29] *Id*. at 18–19.

[30] *Id*. at 1–5.

Complaint in this Court seeking judicial review pursuant to Section 405(g) of the Act.[31] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B). On August 19, 2021, the Commissioner answered the Complaint.[32]

On October 18, 2021, Plaintiff filed a motion for summary judgment.[33] Plaintiff argued that the ALJ failed to follow the proper legal standard in determining Plaintiff's RFC and EOD and that the findings are not supported by substantial evidence.[34] In support of this argument, Plaintiff asserts that the ALJ: (1) neglected to evaluate Plaintiff's mental impairments in accordance with 20 C.F.R. § 404.1520a; (2) failed to include Plaintiff's limitations with concentration, persistence, and pace in accordance with SSR 16-3p prior to December 1, 2019; and (3) arbitrarily assigned an onset date of disability and failed to provide support for the amendment as required by SSR 18-1p.[35] On February 1, 2022, the Commissioner filed a cross-motion for summary judgment.[36] The Commissioner argued that the ALJ: (1) properly evaluated Plaintiff's mental impairments; (2) properly accounted for Plaintiff's limitations in his ability to concentrate, persist, and maintain pace; and (3) properly determined the EOD.[37]

---

[31] Rec. Doc. 1.

[32] Rec. Doc. 8.

[33] Rec. Doc. 14.

[34] Rec. Doc. 14-3 at 6–13.

[35] *Id.*

[36] Rec. Doc. 17.

[37] Rec. Doc. 17-1 at 5–7.

**B.**      ***The Magistrate Judge's Report and Recommendation***

On July 7, 2022, the Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, the ALJ's decision be affirmed, and Plaintiff's case be dismissed with prejudice.[38]

First, the Magistrate Judge determined that the ALJ properly evaluated Plaintiff's mental impairments.[39] The Magistrate Judge pointed out that "Plaintiff cites one paragraph of the ALJ's opinion that discusses mental health impairments, but simply ignores the multiple paragraphs in which the ALJ conducted the appropriate review process for evaluating the severity of Plaintiff's mental impairments."[40] Moreover, the Magistrate Judge notes that the ALJ expressly followed § 404.1520a when evaluating Plaintiff's mental impairments.[41] Therefore, the Magistrate Judge found that Plaintiff was not entitled to relief on this issue.[42]

Second, the Magistrate Judge determined that the ALJ properly accounted for Plaintiff's limitations in his ability to concentrate, persist, and maintain pace.[43] The Magistrate Judge found that the ALJ thoroughly analyzed these symptoms, finding that Plaintiff "can concentrate for two-hour periods before and after regular breaks and lunch."[44] Furthermore, the Magistrate Judge noted

---

[38] Rec. Doc. 18.

[39] *Id.* at 7–9.

[40] *Id.* at 8–9.

[41] *Id.* at 9.

[42] *Id.*

[43] *Id.* at 9–14.

[44] *Id.* at 11.

that Plaintiff failed to point to any evidence to support additional limitations in concentration prior to December 1, 2019.[45] Considering that the ALJ provided ample analysis of Plaintiff's symptoms in determining the RFC in accordance with SSR 16-3p, the Magistrate Judge concluded that the RFC determination is supported by substantial evidence.[46]

Finally, the Magistrate Judge found that there was substantial evidence to support the EOD of December 1, 2019.[47] The Magistrate Judge noted that the ALJ considered hearing testimony provided by Plaintiff that his lower back pain worsened in the six to eight months prior to the hearing.[48] Additionally, the ALJ pointed to medical records showing worsening pain in late 2019 and early 2020.[49] Therefore, the Magistrate Judge concluded that substantial evidence from both the medical record and Plaintiff's own hearing testimony supported the ALJ's EOD of December 1, 2019.[50]

## II. Objections

### A.    *Plaintiff's Objections to the Report and Recommendation*

Plaintiff objects to the Magistrate Judge's Report and Recommendation.[51] Plaintiff asserts that the ALJ arbitrarily assigned an EOD of December 1, 2019 and failed to provide support for

---

[45] *Id.* at 13.

[46] *Id.* at 14.

[47] *Id.* at 14–16.

[48] *Id.* at 15.

[49] *Id.* at 16.

[50] *Id.*

[51] Rec. Doc. 21.

the amendment as required by SSR 18-1p.[52] Plaintiff contends that his traumatic injury occurred on June 21, 2016.[53] Plaintiff argues that SSA Rulings mandate establishing the onset date on the date of the traumatic injury barring substantial other evidence.[54]

Plaintiff notes that the ALJ relied largely on Plaintiff's testimony that his condition had worsened in the six to eight months preceding the hearing.[55] However, Plaintiff asserts that his "hearing testimony was clear that his condition had been very limiting ever since his work injury."[56] Plaintiff asserts that he injured his lower back, right shoulder, and right knee on June 21, 2016, while he was attempting to transport a 500-pound desk by way of a hand cart.[57] Plaintiff notes that he received worker's compensation for the injury.[58] Plaintiff asserts that this traumatic incident clearly established the onset of his severe impairments.[59]

Plaintiff points out that the ALJ assigned significant limitations to Plaintiff prior to December 2019.[60] According to Plaintiff, a comparison of the ALJ's RFC findings prior to and after December 1, 2019, shows that Plaintiff became disabled when he began to experience

---

[52] *Id.* at 5.

[53] *Id.*

[54] *Id.*

[55] *Id.* at 6.

[56] *Id.*

[57] *Id.* at 7.

[58] *Id.*

[59] *Id.*

[60] *Id.* at 8.

numbness in his right hand and to require extra breaks for 15 percent of the day.[61] Plaintiff asserts that the medical records show that Plaintiff was experiencing numbness in his right upper extremity in 2016 and 2017, and an MRI conducted in 2017 revealed ongoing severe impairment of the right shoulder.[62] Additionally, Plaintiff asserts that "the evidence of Plaintiff's need for additional breaks is established by his testimony at the hearing that ever since his injury, daily tasks took longer as he required breaks due to his back impairment."[63] Therefore, Plaintiff argues that the ALJ's failure to attribute these limitations to the traumatic incident date is not supported by the evidence.[64]

### B.      The Commissioner's Response

The Commissioner has not filed a response to Plaintiff's objections.

## III. Standard of Review

### A.      Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to a Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[65]  The district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[66] A

---

[61] *Id.*

[62] *Id.* (citing Adm. Rec. at 302–40, 313).

[63] *Id.* at 8–9 (citing Adm. Rec. at 39).

[64] *Id.* at 9.

[65] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[66] *Id.*

district court's review is limited to plain error of parts of the report which are not properly objected to.[67]

## B.     *Standard of Review of Commissioner's Final Decision on DIB and SSI Benefits*

Under 42 U.S.C. § 405(g) the district court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."[68] Appellate review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence.[69] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[70] The Court must review the whole record to determine if such evidence exists.[71] However, the district court cannot "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's."[72] The ALJ is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible.[73] A court "weigh[s] four elements of proof when

---

[67] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[68] 42 U.S.C. § 405(g).

[69] *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Waters v. Barnhart*, 276 F.3d 716, 716 (5th Cir. 2002); *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

[70] *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Perez*, 415 F.3d at 461; *Loza*, 219 F.3d at 393; *Villa*, 895 F.2d at 1021–22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).

[71] *Singletary v. Bowen*, 798 F.2d 818, 822–23 (5th Cir. 1986).

[72] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

[73] *See Arkansas v. Oklahoma*, 503 U.S. 91 (1992).

determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history."[74]

## IV. Law and Analysis

To be considered disabled, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[75] The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.[76] The regulations include a five-step evaluation process for determining whether an impairment constitutes a disability, and the five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled.[77] The claimant has the burden of proof under the first four parts of the inquiry, and if he successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant is capable of engaging in alternative substantial gainful employment, which is available in the national economy.[78]

---

[74] *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

[75] 42 U.S.C. § 423(d)(1)(A).

[76] 20 C.F.R. §§ 404.1501 to 404.1599 & Apps., §§ 416.901 to 416.998 (2008).

[77] *Id*. §§ 404.1520, 416.920; *Perez*, 415 F.3d at 461.

[78] *Perez*, 415 F.3d at 461; *Newton*, 209 F.3d at 453.

12

At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 30, 2017, the alleged onset date.[79] At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative joint disease, osteoarthritis, degenerative disc disease, shoulder tendinitis, bipolar disorder, and depression.[80] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments under the regulations.[81]

At step four, the ALJ found that prior to December 1, 2019, Plaintiff had the RFC to perform sedentary work with certain limitations.[82] The ALJ determined that, beginning on December 1, 2019, Plaintiff had the RFC to perform certain sedentary work with the following additional limitations: (1) Plaintiff's right hand will be occasionally numb and he cannot feel texture; and (2) he will be off task with extra breaks 15% of the day due to combination mental and physical impairments.[83] Considering these limitations, the ALJ found that Plaintiff has been unable to perform any past relevant work since June 21, 2016.[84]

---

[79] Adm. Rec. at 13.

[80] Id.

[81] Id.

[82] Id. at 15. Specifically, the ALJ found that: (1) Plaintiff could concentrate for two-hour periods before and after regular breaks and lunch; (2) he could occasionally interact with the general public; (3) he could lift fifteen pounds occasionally and ten pounds frequently; (4) he could walk and/or stand for two hours in an eight-hour workday for fifteen minutes at a time; (5) he could sit for six hours in an eight-hour workday for two hours at a time; (6) he could occasionally stoop and climb; (7) he could not crouch, kneel, or crawl; (8) he could push and pull less than fifteen pounds with the right lower extremity and the dominant right upper extremity; (9) he could not reach overhead with the dominant right upper extremity; (10) he could frequently grasp and handle with the dominant right upper extremity; (11) he could not work with heights, hazardous machinery, commercial driving, or ladders. Id.

[83] Id. at 18–19.

[84] Id. at 20.

13

At step five, the ALJ determined that prior to December 1, 2019, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including general office clerk positions.[85] However, the ALJ found that beginning on December 1, 2019, no jobs existed in significant numbers in the national economy that Plaintiff could perform.[86] Accordingly, the ALJ concluded that Plaintiff was not disabled prior to December 1, 2019, but he became disabled on that date and continued to be disabled through the date of the decision.[87] The Court may disturb that finding only if the ALJ lacked "substantial evidence" to support it.[88]

Plaintiff initially argued that the ALJ's decision was not supported by substantial evidence because the ALJ: (1) neglected to evaluate Plaintiff's mental impairments in accordance with 20 C.F.R. § 404.1520a; (2) failed to include Plaintiff's limitations with concentration, persistence, and pace in accordance with SSR 16-3p prior to December 1, 2019; and (3) arbitrarily assigned an onset date of disability and failed to provide support for the amendment as required by SSR 18-1p.[89] The Magistrate Judge reviewed each of these claims and found no merit to Plaintiff's argument that the ALJ failed to consider Plaintiff's mental impairments or his limitations with concentration, persistence, and pace. Plaintiff does not object to these portions of the Report and Recommendation. Accordingly, reviewing for plain error and finding none, the Court adopts that Magistrate Judge's findings that the ALJ properly evaluated Plaintiff's mental impairments and

---

[85] *Id*.

[86] *Id*. at 21.

[87] *Id*. at 22.

[88] *See Perez*, 415 F.3d at 461.

[89] Rec. Doc. 14-3 at 6–13.

properly accounted for Plaintiff's limitations in his ability to concentrate, persist, and maintain pace.

The Magistrate Judge also found that there was substantial evidence to support the EOD of December 1, 2019. Plaintiff objects to this portion of the Report and Recommendation. Accordingly, the Court reviews this portion of the Report and Recommendation *de novo.* Plaintiff asserts that the ALJ arbitrarily assigned an EOD of December 1, 2019 and failed to provide support for the amendment as required by SSR 18-1p.[90] Plaintiff contends that his traumatic injury occurred on June 21, 2016.[91] Plaintiff argues that SSA Rulings mandate establishing the onset date on the date of the traumatic injury barring substantial other evidence.[92]

The Social Security regulations define "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[93] SSR 18-1p describes how the Social Security Administration defines the EOD.[94] "[T]he EOD is the earliest date that the claimant meets both the definition of disability and the non-medical requirements for entitlement to benefits under title II of the Act or eligibility

---

[90] Rec. Doc. 21 at 5.

[91] *Id.*

[92] *Id.*

[93] 20 C.F.R. § 404.1505.

[94] Social Security Ruling, SSR 18-01p; Titles II and XVI: Determining the Established Onset Date (EOD) in Disability Claims, 83 FR 49613-01.

for SSI payments under title XVI of the Act."[95] Plaintiff cites the portion of SSR 18-1p discussing traumatic injuries which provides:

> For impairments that result from a traumatic injury or other traumatic event, we begin with the date of the traumatic event, even if the claimant worked on that date. An example of a traumatic event that could result in a traumatic injury is an automobile accident. If the evidence of record supports a finding that the claimant met the statutory definition of disability on the date of the traumatic event or traumatic injury, we will use that date as the date that the claimant first met the statutory definition of disability.[96]

Plaintiff asserts that this section mandates that the ALJ use June 21, 2016, as the EOD because on that date he injured his lower back, right shoulder, and right knee, while he was attempting to transport a 500-pound desk by way of a hand cart.[97] Plaintiff asserts that this traumatic incident clearly established the onset of his severe impairments.[98] However, Plaintiff's disability was not based on this traumatic injury alone. The ALJ considered all of Plaintiff's severe impairments: degenerative joint disease, osteoarthritis, degenerative disc disease, shoulder tendinitis, bipolar disorder, and depression. SSR 18-1p provides:

> If a claimant has a traumatic impairment and a non-traumatic or exacerbating and remitting impairment, we will consider all of the impairments in combination when determining when the claimant first met the statutory definition of disability. We will consider the date of the traumatic event as well as the evidence pertaining to the non-traumatic or exacerbating and remitting impairment and will determine the date on which the combined impairments first caused the claimant to meet the statutory definition of disability.[99]

---

[95] *Id.*

[96] *Id.*

[97] Rec. Doc. 21 at 7.

[98] *Id.*

[99] Social Security Ruling, SSR 18-01p; Titles II and XVI: Determining the Established Onset Date (EOD) in Disability Claims, 83 FR 49613-01.

The ALJ considered hearing testimony provided by Plaintiff that his lower back pain worsened in the six to eight months prior to the hearing.[100] The ALJ stated:

> At the hearing, the claimant testified that his lower back pain has worsened in the seven to eight months. This is consistent with complaints or worsening pain in late 2019 and early 2020 with evidence of decreased range of motion and increased tenderness during this time, as well as decreased sensation in the lower extremities with complaints that pain was still exacerbated with activity (Exhibits 10F/5-7, 9-12). He also had an MRI that noted continued evidence of moderate degenerative changes throughout his lumbar spine (Exhibit 10F/17). He was also noted with continued evidence of positive FABER testing and decreased upper extremity sensation, along with new complaints of cervical pain (Exhibit 10F/5-6, 17).
>
> The claimant also had continued evidence of depression during this time with him noted as tearful and depressed (Exhibits 9F/6-7; 11F/5).[101]

Therefore, the ALJ properly considered Plaintiff's complaints of worsening pain, decreased range of motion, and increased tenderness in late 2019 and early 2020. The ALJ determined that Plaintiff would require extra breaks for 15 percent of the day due to a "combination of the mental and physical impairments."[102] The ALJ based this determination "on evidence of worsening tenderness in [Plaintiff's] lumbar spine and continued evidence of limited attention, concentration and being tearful, depressed to being hyperactive with pressured speech at other times."[103]

Plaintiff points out that medical records show that he was experiencing occasional numbness in his right arm in 2016 and 2017.[104] However, the ALJ was relying on treatment notes from late 2019 and early 2020, showing increased pain and loss of sensation in his lower and upper

---

[100] Adm. Rec. at 19.

[101] *Id.*

[102] *Id.*

[103] *Id.*

[104] *Id.* at 304, 313.

extremities.[105] These are the considerations contemplated by SSR 18-01p.[106] Unlike its predecessor, SSR 83-20, "SSR 18-01p expressly permits the ALJ to 'infer' an onset date. . . ."[107] Considering Plaintiff's testimony and the medical evidence establishing that Plaintiff's symptoms worsened in 2019 and 2020, Plaintiff has not shown that the ALJ erred in determining an EOD of December 1, 2019.

"A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[108] This Court "may not re-weigh the evidence or substitute [its] judgment for that of the Commissioner."[109] Substantial evidence from both the medical record and Plaintiff's own hearing testimony supports the EOD of December 1, 2019. Therefore, Plaintiff has not shown any error by the ALJ.

## V. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision was based on substantial evidence. Accordingly,

---

[105] *Id.* at 423–32.

[106] Social Security Ruling, SSR 18-01p; Titles II and XVI: Determining the Established Onset Date (EOD) in Disability Claims, 83 FR 49613-01 ("We consider whether we can find that the claimant first met the statutory definition of disability at the earliest date within the period under consideration, taking into account the date the claimant alleged that his or her disability began. We review the relevant evidence and consider, for example, the nature of the claimant's impairment; the severity of the signs, symptoms, and laboratory findings; the longitudinal history and treatment course (or lack thereof); the length of the impairment's exacerbations and remissions, if applicable; and any statement by the claimant about new or worsening signs, symptoms, and laboratory findings.").

[107] *Royal v. Comm'r of Soc. Sec. Admin.*, No. 19-119, 2021 WL 4190647, at *2 (S.D. Miss. Aug. 3, 2021), *adopted*, No. 19-119, 2021 WL 4189641 (S.D. Miss. Sept. 14, 2021) (quoting *Ramon Ochoa v Berryhill*, No. 18-287, 2019 WL 1596368, at *7 n.6 (D.N.M. Apr. 15, 2019)).

[108] *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citing *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988)).

[109] *Id.* (citing *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)).

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment[110] is **DENIED** and the Commissioner's Motion for Summary Judgment[111] is **GRANTED**.

**IT IS FURTHER ORDERED** that ALJ's partially favorable decision on Plaintiff's application for benefits is **AFFIRMED** and this case is **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA,** this 12th day of September, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[110] Rec. Doc. 14.

[111] Rec. Doc. 17.

19